IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| FARMERS STATE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4261-CV-C-WAK |
| | ) | |
| THE KANSAS BANKERS SURETY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On July 1, 2005, plaintiff filed a motion for leave to add parties, to file an amended complaint and for remand of the case to state court. Plaintiff seeks to add Donald Cubbage, Vernille Cubbage and Floyd Rapp as defendants on the grounds that they are persons needed for just adjudication, pursuant to Rule 19(a). Alternatively, plaintiff requests joinder under Rule 20, which provides for permissive joinder. Defendant responded in opposition to the motion.

Plaintiff Farmers State Bank (FSB) filed this action to recover from defendant The Kansas Bankers Surety Company (KBS) losses sustained as a result of the intentional actions taken by one of the bank's former employees for the benefit of one its customers.[1] Plaintiff asserts that the employee knew her actions would cause substantial loss to the bank and admits to such knowledge.

Defendant had issued a Financial Institution Crime Bond to plaintiff in exchange for a paid premium. The parties dispute whether coverage under the bond was waived or voided

---

[1] The former employee was Donis Duncan and the customer was Earnie Schenker. Donis Duncan repeatedly held in her desk and failed to timely charge back returned deposited items on the account of Earnie Schenker. While the deposits were still listed on the account, Earnie Schenker withdrew funds he knew he did not have, ultimately resulting in large overdrafts.

based on conditions, limitations or exclusions set forth in the terms of the bond. They also dispute whether the loss was the result of a crime and, thus, covered under the bond.

In an effort to recover its losses, plaintiff FSB entered into loan agreements with Donis Duncan (the former employee) and Earnie Schenker (the bank customer). The proposed nondiverse defendants, who were associated with or related to Duncan and Schenker, executed documents and deeds of trust agreeing that their real estate and/or other assets would serve as collateral for the obligations of Duncan and Schenker.[2] Defendant asserts that plaintiff failed to timely notify defendant of the loss and that the loan agreements noted above were waivers of the coverage or voided it based on the terms of the bond.

The proposed defendants have filed separate state court actions seeking to have the deeds of trust and loan documents they executed to be held void and unenforceable. They claim the documents were executed under duress, were against public policy, were not made through the exercise of free will and were not supported by any legal consideration flowing to them.

Plaintiff FSB now seeks to have the Cubbages and Rapp joined as defendants in this action because they are concerned that inconsistent rulings could occur between the cases brought against FSB in the state courts and this case brought by FSB against the insurer.

**Joinder Under Fed. R. Civ. P. 19**

Rule 19 sets out the standard for joinder of persons necessary for just adjudication and dictates that certain persons are to be joined if feasible. It is not feasible, however, to join a party if that person's presence would defeat diversity jurisdiction. For situations where joinder of a desired party is not feasible, Rule 19(b) mandates a secondary level of analysis. *Business Men's Assurance Co. of America*, 1987 WL 19231 (W.D. Mo. Oct. 13, 1987).

In such a case, the rule requires the court to "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b). An

---

[2] Donald and Vernille Cubbage are the parents of Donis Duncan. Floyd Rapp is an acquaintance or business associate of Earnie Schenker.

indispensable party is one whose interest in the controversy is of such a nature that a final decree cannot be made without affecting it, or one whose absence will leave the controversy in such a condition that its final termination may be inconsistent with equity and good conscience.  Rule 19(b) factors include the extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties, the extent to which the prejudice can be lessened or avoided, whether a judgment entered in the person's absence will be adequate, and whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

This federal diversity case addresses the signatories' rights and obligations under an insurance contract.  The proposed defendants are not parties to the insurance contract and after consideration of the factual allegations and relevant case law, the court finds that they are not indispensable parties.  The issues in this case relate to the terms of the bond, the notice requirements for making a claim, whether actions by the proposed defendants voided the bond, and whether the loss was the result of a crime.

The proposed defendants are not directly involved in these issues.  The proposed defendants seek to void separate agreements they made with plaintiff because of the methods used to obtain those agreements.  They are entirely separate contracts and separate issues.

The proposed defendants will not be prejudiced by nonjoinder in this case.  Plaintiff FSB has a risk that the judgments in the state and federal cases will leave it without compensation for its loss, but that risk is not lessened by joinder.  The legal issues are distinct and address separate actions and contracts.  Defendant KBS will not be prejudiced by nonjoinder.

This finding that the proposed defendants are not indispensable is consistent with the conclusions reached in *Alpers Jobbing Co., Inc. v. Northland Casualty Co.*, 173 F.R.D. 517 (E.D. Mo. 1997) and *Casas Office Machines, Inc. v. Mita Copystar America*, *Inc.*, 42 F.3d 668 (1st Cir. 1994).  Both courts noted that "[w]hen a person is not a party to the contract in litigation and has no rights or obligations under that contract, even though he may have obligated himself to abide by the result of the pending action by another contract that is not at issue, he will not be regarded as an indispensable party in a suit to determine obligations

3

under the disputed contract . . . ." *Alpers*, 173 F.R.D. at 519; *Casas*, 42 F.3d at 676 (quoting Charles A. Wright, et al., *Federal Practice and Procedure* § 1613, at 199-200 (1986)).

Accordingly, joinder under Fed. R. Civ. P. 19 is denied.

### Joinder Under Fed. R. Civ. P. 20

In the alternative, plaintiff FSB requests leave to join the proposed defendants under Rule 20. The relevant section of that rule provides that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." If the court permits joinder, then the case must be remanded back to the state court, pursuant to 28 U.S.C. § 1447(e).

In deciding whether to permit joinder, the court must weigh the competing interests of the defendant in maintaining federal jurisdiction and of the plaintiff in joining parties and claims. The inquiry includes consideration of the extent to which the purpose of the amendment is to obtain a remand, whether the request for amendment was timely made, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. *Alpers*, 173 F.R.D. at 520.

The general rule, however, is that once a case is properly removed to federal court, a plaintiff should not be allowed to add a party whose presence destroys federal jurisdiction. "Although the court has discretion to permit it, joinder of non-diverse defendants should be denied in the absence of strong equities in favor of the amendment or unless the party to be added is indispensable." *Business Men's Assurance Co. of America v. Lenke*, No. 86-1133, 1987 WL 19231 (W.D. Mo. Oct. 13, 1987).

Plaintiff asserts (1) that the rights asserted by the proposed defendants with respect to plaintiff arise out of the same series of transactions or occurrences as the claims between plaintiff and defendant KBS, and (2) that the equities favor joinder.

Defendant disputes those assertions and also claims there does not appear to be any "real" threat of inconsistent verdicts. Defendant notes that whether Duncan's underlying conduct created a loss covered by the crime bond is governed by facts totally unrelated to the claims brought by the proposed defendants.

4

Whether plaintiff took actions which voided the coverage is also a separate issue from whether the methods employed by plaintiff with regard to the proposed defendants were appropriate. While both claims are related to the loss sustained by plaintiff, the transactions and occurrences are only indirectly related.

One factor to consider is the purpose of the proposed amendment. The court notes that plaintiff asserts it does not seek to add non-diverse parties "solely to effectuate a remand of this case to state court, but instead to ensure that Plaintiff is not subjected to inconsistent obligations . . . ." (Doc. 19 at 8.) Plaintiff initially filed this case in state court and would probably prefer a remand back to state court. Nevertheless, the court does not find that the main purpose of the proposed amendment was to effectuate a remand.

Another factor to consider is the timeliness of the request. Defendant claims plaintiff was somewhat dilatory in seeking leave to amend. The question of whether plaintiff was dilatory in asking for amendment is open to different interpretations. The record shows plaintiff waited approximately eight months after the Cubbage state court action was filed before requesting leave to amend in this case. The Rapp state court action was served on plaintiff FSB approximately three months prior to its requesting leave to amend in this case. The facts relating to the bond were known to plaintiff prior to the filing of this action.

Notwithstanding the timeliness of the request, it is not certain that amendment and removal to state court would achieve the results and/or protection plaintiff hopes to obtain,[3] or that plaintiff will be significantly injured if amendment is not allowed.

Having carefully reviewed the suggestions and relevant case law, the court does not find that the equities weigh in favor of joinder under Rule 20.

Accordingly, it is

---

[3]The two state court cases filed by the proposed defendants were filed in separate counties. The record in this case does not indicate that the proposed defendants have been given notice of the request to amend in this case to include the issues currently being addressed in the state court, or whether the proposed defendants would object to joinder for claims that are already being litigated elsewhere. Additionally, this court does not have information regarding the current status of the state court cases.

ORDERED that plaintiff's motion of July 1, 2005, for leave to amend the complaint, to add nondiverse parties and to remand this matter to the state court is denied [19].

Dated this 13th day of September, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge